# In the United States Court of Federal Claims

No. 18-1122C
(Filed: March 11, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SEAN LYONS,**

           Plaintiff,

      v.

**THE UNITED STATES,**

           Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Sean Lyons is a resident of the state of North Carolina. Plaintiff alleges that he entered into an implied contract with the United States in or around April of 2011, to provide unspecified services to various departments including the Federal Bureau of Investigation, the Secret Service, the Departments of Justice, Homeland Security, Treasury, and Agriculture, the Federal Protective Service, the United States House of Representatives, the United States Senate, the Financial Crimes Enforcement Network, the Internal Revenue Service, the Drug Enforcement Agency, the Centers for Disease Control and Prevention, the Securities and Exchange Commission, the Food and Drug Administration, the Federal Communications Commission, the White House, "Various Military Departments," state and local agencies, and other public and private entities. Compl. Att. 1, at ¶¶ 1-3, Att. 2, at ¶ 5. Plaintiff does not identify what services he performed pursuant to this April 2011 contract. Plaintiff alleges that Defendant has not "followed" the contract but does not specify how Defendant has allegedly breached the contract.

---

[1] This background is derived from Plaintiff's complaint.

7017 1450 0000 1346 1451

Id. Att. 2, at ¶ 6. Plaintiff alleges that he "unwillingly bailed the country out" without any further elaboration and seeks $850,000,000,000 in damages. Id. at 3, Att. 2, at ¶ 4.

## Discussion

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

To state a claim based upon an implied-in-fact contract a plaintiff must allege the same elements as an express contract - - "a mutual intent to contract including an offer, an acceptance, and consideration," and, for a contract with the United States, actual authority of the Government representative who entered into the contract to bind the United States. Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997). An implied-in-fact contract also requires a "meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." Hercules, Inc. v. United States, 516 U.S. 417, 424 (1996) (internal citation and quotation marks omitted). To survive a motion to dismiss, Plaintiff must allege "an unambiguous offer to contract upon specific terms, an unambiguous acceptance of that offer, and an intent to contract." O. Ahlborg & Sons, Inc. v. United States, 74 Fed. Cl. 178, 191 (2006). Here, Plaintiff has failed to identify the subject matter of the alleged contract or any Government conduct that constituted a breach.[2] In short, Plaintiff has alleged no facts that would give rise to either the existence of an implied-in-fact contract or its breach. As such, Plaintiff has failed to state a claim upon which relief can be granted, and this action is dismissed pursuant to Rule 12(b)(6).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*MARY ELLEN COSTER WILLIAMS*
MARY ELLEN COSTER WILLIAMS
Senior Judge

---

[2] In his opposition to Defendant's motion to dismiss, Plaintiff states that he "would like to forego the decision of the Defendant's Motion and move directly into establishing a process to submit classified information" because his complaint deals with "money, trade secrets, and national security issues . . . ." Pl.'s Resp. 9. Plaintiff's request is denied as he has made no showing that a protocol for handling classified material is warranted here.